UNITED STATES of America, Plaintiff–Appellee,

v.

Tavares Ontario WIGGINS, a.k.a. Tavaris Wiggins, a.k.a. Tavares Williams, Defendant–Appellant.

No. 09–15451
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 27, 2010.

Tavares Ontario Wiggins, Atlanta, GA, pro se.

Laura Thomas Rivero, Anne R. Schultz, Lisa A. Hirsch, U.S. Attorney's Office, Miami, FL, for Defendant–Appellant.

Before BLACK, HULL and BARKETT, Circuit Judges.

PER CURIAM:

Tavares Ontario Wiggins, a federal prisoner convicted of a crack-cocaine offense, appeals the district court's denial of his *pro se* motion for a reduced sentence, brought pursuant to 18 U.S.C. § 3582(c)(2). Wiggins relies on this Court's decision in *United States v. Archer,* 531 F.3d 1347 (11th Cir.2008) and the Supreme Court's decision in *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), to support his claim that carrying a concealed weapon

---

have been raised on direct appeal. Rule 60(b), however, is not the proper avenue for such review. *See id.*

does not constitute a crime of violence for sentencing purposes. As such, he argues that he did not qualify for the career offender enhancement in U.S.S.G. § 4B1.1, and thus his sentence should be reduced under § 3582(c)(2).

We review *de novo* a district court's conclusions regarding the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. James*, 548 F.3d 983, 984 (11th Cir.2008). Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2).[1] The policy statements provide that § 3582 encompasses challenges to the application of only those Guidelines that have been retroactively amended; the district court must leave all other Guideline decisions unaffected. U.S.S.G. § 1B1.10(b)(1); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000) ("[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.").

Here, Wiggins has not alleged a cognizable claim under § 3582(c)(2) because his request for a reduced sentence relies on case decisions, not a retroactive Guideline amendment. *See United States v. Moreno*, 421 F.3d 1217, 1220–21 (11th Cir.2005) (holding that because *Booker*[2] is a Supreme Court decision rather than a retroactive Guideline amendment, it does not provide an independent basis for a motion that is otherwise not cognizable under § 3582(c)(2)); *see also Bravo*, 203 F.3d at 782 (holding that "[e]xtraneous resentencing issues" are not cognizable in § 3582

motions, and must be brought as § 2255 collateral attacks to the sentence). Therefore, Wiggins is not entitled to § 3582 relief.

**AFFIRMED.**

---

1. Section 3582(c)(2) states in relevant part:
   [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a) ] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).